IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM PARRISH,<br><br>    Plaintiff,<br><br>vs.<br><br>LAKESIDE RECEIVABLES SERVICES, LLC<br><br>    Defaulted Defendant. | 4:23CV3109<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff William Parrish filed this action, alleging violations of the Fair Debt Collection Practices Act, on June 15, 2023. (Filing No. 1). Defendant Lakeside Receivables Services, LLC was served in July 2023 and has not appeared or filed an answer. The clerk's Entry of Default was entered as to Defendant on July 31, 2023. (Filing No. 7). This matter is before the court on Plaintiff's motion to transfer venue from this court to the United States District Court for the Western District of New York. (Filing No. 12).

  Section 28 U.S.C.A. 1404 (a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In accordance with 28 U.S.C.A. § 1391(b)(2), a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated."

  Defendant is a New York Limited Liability company with its headquarters in the Tonawanda, New York, which is in Erie County. (Filing No. 12). The Complaint

alleges Defendant operates in Lockport, New York, (Niagara County) collecting or attempting to collect debts allegedly owed to third parties. (Filing No. 1). In this case, Defendant attempted to collect a consumer debt from Plaintiff, originating with Credit Ninja. (Filing No. 1). Upon review, this case could have been filed in the Western District of New York, which encompasses both Erie and Niagara counties.

Although Defendant has not appeared or opposed the motion to transfer, the court must nonetheless consider the facts of record and determine whether the requested transfer will advance the convenience and fairness of these proceedings. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The court considers "the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues." Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997) (citing 28 U.S.C. § 1404(a)). Factors include the willingness of witnesses to appear, the ability to subpoena witnesses, the adequacy of deposition testimony, the accessibility to records and documents, the location where the conduct complained of occurred, and the applicability of each forum state's substantive law. Id. (citing Terra Intern., Inc. v. Mississippi Chemical Corp., 922 F. Supp. 1334, 1359 (N.D. Iowa 1996)). The court should also consider such factors as judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law.  Id. (citing Terra Intern., 922 F. Supp. at 1361, 1363).

Plaintiff filed this action in the District of Nebraska because Plaintiff is a resident of Gering, Nebraska. While this district may be more convenient for Plaintiff, it is Plaintiff who is requesting the transfer in an effort to consolidate this

case with the cases of other similarly situated plaintiffs in other districts. Consolidating cases from multiple districts will promote judicial economy and minimize costs by reducing duplicative litigation. The complaint asserts claims arising under the Fair Debt Collection Practices Act, a federal law. State and local law is not implicated, and neither the Nebraska nor New York forum will be tasked with deciding conflict of law issues. Litigating the action in the district where Defendant is headquartered will certainly be more convenient for it, should Defendant appear and defend this action. The interests of justice weigh in favor of transfer.

After considering the totality of the evidence before me, the court finds this case should be transferred to the United States District Court for the Western District of New York.

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion to Transfer (Filing No. 12), is granted and this case shall be transferred to the United States District Court for the Western District of New York.

2) The Clerk shall mail a copy of this order to Defendant at the following address:
   Lakeside Receivables Services, LLC
   c/o CT Corporation System
   28 Liberty Street
   New York, NY 10005

Dated this 31st day of October, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge